United States District Court
Southern District of Texas
**ENTERED**
February 24, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JULIUS LAMUNN NORTH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-03585 |
| | § | |
| SHERI WALMER, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

### I. INTRODUCTION

Before the Court is the defendant's, Sheri Walmer, motion to dismiss the plaintiff's, Julius Lamunn North, complaint [DE 15], complaint pursuant to FRCP 12(b)(2) and 12(b)(6). The plaintiff filed suit against the defendant, in a *pro se* capacity. Although he has filed other documents in this case since the defendant filed her motion to dismiss, the plaintiff has failed to respond to the defendant's motion to dismiss. *See* [DEs 7, 8, 10, 11 and 12]. In light of this lack of response, the Court deems the federal allegations of the defendant's motion to dismiss undisputed.

### II. PROCEDURAL HISTORY AND RELATED LAWSUITS

The plaintiff originally filed suit against defendant, Walmer in the 125th Judicial District Court of Harris County, Texas [Cause No. 202454630] in September of 2024. Almost, if not simultaneously, he also filed lawsuits against Gary Ross and Gerald Hunter in Harris County state courts. *See* [Cause No. 202454948; 133rd Judicial District Court and Cause No. 2454420 in the 113th Judicial District Court, respectively]. Each of the plaintiff's state court cases were removed to the United States Federal Court on September 23 and September 27, respectively by the same

attorney. The attorney for each of the defendants sought to consolidate the three cases under one cause, the earliest filed, and sought dismissal of each case.

On February 7, 2025, the Court entered its Order consolidating the three cases in this cause [DE 18]. As in this case, the plaintiff failed to file a response to the defendants' motions to dismiss although several months have expired since the motions were filed. And, as with the defendant, Walmer's case, the Court deems the facts asserted to be undisputed. The Court has examined the plaintiff's consolidated complaint and finds that the allegations to be related to, and arise out of, the same nucleus of fact. The Court also finds that the plaintiff's consolidated lawsuit is unmeritorious and, that the defendants' motions to dismiss are meritorious.

### III. FACTUAL BACKGROUND – CONTENTIONS

*A. The Plaintiff's Contentions*

In his complaint, the plaintiff asserts that the defendants violated the Deceptive Trade Practices Act § 17.47(a) by engaging in a conspiracy under the guise of trade and commerce as defined by § 17.45(b) which authorizes suits for fraudulent conduct. It is the plaintiff's assertions that certain co-workers employed by the mortgage companies caused employees who work in the Harris County Real Estate Records department to file an Assignment of Deed of Trust or other documents that accelerated a trustee's foreclosure and sale of his real estate for the benefit of the bank. This conduct, he asserts, was fraudulent and the result of the defendant's employees acting on behalf of the bank.

*B. The Defendants' Assertions and Contention*

The defendants assert that on July 16, 2019, the plaintiff obtained a mortgage loan in the amount of $169,866 from Cardinal Financial Corporation. The Note and Deed of Trust was later

sold to the "bank." As the bases for dismissal of the plaintiff's consolidated suit, the defendants state:

    (a)    they are not residents of the State of Texas and have not engaged in continuous and systematic business or commerce in Texas, directed any activities toward the State or availed themselves of the privileges of conducting activities in the State beyond the unilateral activities caused by the plaintiff. Therefore, the Court lacks specific or personal jurisdiction over them;

    (b)    the plaintiff's complaint fails to provide the grounds and/or conduct that the defendants engaged in that gives rise to cause of action for conspiracy or a violation of the DTPA that entitles him to the relief that he seeks;

    (c)    the plaintiff's DTPA claims fail as a law because his pleadings fail to establish that, as it relates to them, the plaintiff is not and never was a consumer of goods or services provided by them; and,

    (d)    any request for monetary relief or to amend his pleadings should be denied.

## IV.    ANALYSIS AND DISCUSSION

The Court is of the opinion that it lacks general or specific jurisdiction over the defendants, who are individuals and reside in the state of Idaho, because the plaintiff has failed to establish a *prima facie* case for jurisdiction. *Love No Care, Ltd., v. InstaMix, Inc.,* 438 F.3d 465 (5th Cir. 2006); *McFadin v. Gerger*, 587 F.3d 753, 759 (5th Cir. 2007).

There is no evidence that the defendants purposely directed any activities toward or in Texas or availed themselves of the privileges of conducting individual or business activities in Texas. The transactions that form the basis of the plaintiff's lawsuit against the defendants is a business transaction between the plaintiff and Mortgage Electronic Registration Systems, Inc., Cardinal Financial Company, L.P., and/or Idaho Housing and Finance Association. These entities were sued by the plaintiff's unsuccessfully earlier in this Court. *See* [*North v. HomeLoan Serv., et. al.,* Cause No. 4:23-CV-3211, consolidated]. That lawsuit resolved all the plaintiff's issues concerning his mortgage.

The plaintiff admits that the defendants are residents of Idaho and brings this lawsuit against them, not based on facts that he has knowledge of, but based on "reason(s) to believe" that they have caused him harm. However, he does not set out or state what the reason for his belief(s) are based on, or what specific role the defendants played in the foreclosure of the mortgage other than forwarding documents to Harris County where deeds are recorded.

Based on the plaintiff's pleadings and his prior litigation concerning this matter - this Court and the Bankruptcy Court - the Court concludes that to require the defendant to answer the plaintiff's lawsuit and engage in litigation in Texas based on a whim, violates the "Due Process" clause of the Fourteenth Amendment to the federal Constitution. Moreover, the plaintiff's prior litigation of this issue precludes further review. Therefore, the defendants' motion to dismiss the plaintiff lawsuit against them is GRANTED, pursuant to FRCP 12(b)(2).

It is ORDERED that the plaintiff's suit be, and it is Hereby DISMISSED with prejudice.

SIGNED on February 24, 2025, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge